**Bertin OLVERA SALDANA; Lorena Olvera Memije; Esmeralda Olvera Memije, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–71910, A75–761–854, A75–761–855, A75–761–856.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bertin Olvera Saldana, Santa Ana, CA, pro se.

Lorena Olvera Memije, Santa Ana, CA, pro se.

Esmeralda Olvera Mimije, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Anthony W. Norwood, DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM**

Bertin Olvera Saldana and his minor daughters Lorena Olvera Memije and Esmeralda Olvera Memije ("Petitioners"), natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings to permit them to renew their application for cancel-

** This disposition is not appropriate for publication and may not be cited to or by the

lation of removal. We review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying reopening because Petitioners failed to establish their prima facie eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall be supported by affidavits or other evidentiary material"); *Ordonez*, 345 F.3d at 785 (holding that prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied); *see also INS v. Wang*, 450 U.S. 139, 143–45, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (upholding BIA's authority to make hardship determinations in context of motions to reopen).

Petitioners' remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**